# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JONATHAN ACEVEDO,** | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **ONLINE INFORMATION SERVICES, INC.** | |
| Defendant. | **(Unlawful Debt Collections Practices)** |

## **COMPLAINT**

JONATHAN ACEVEDO ("Plaintiff"), by and through his attorneys, Kimmel & Silverman, P.C., alleges the following against ONLINE INFORMATION SERVICES, INC. ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq*. ("TCPA").

## **JURISDICTION AND VENUE**

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United

States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Massachusetts therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in West Springfield, Massachusetts 01089.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a corporation with its principal place of business located at P.O. Box 1489 Winterville, North Carolina 28590.

9. Upon information and belief, Defendant is a corporation that provides call center, collections and debt purchase services to companies in the United States.

10. At all times material hereto, Defendant acted as a "debt collector[s]" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

13. Upon information and belief, at all times material hereto, Defendant contacted Plaintiff in an attempt to collect a consumer debt.

14. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly his could only have arisen from financial obligation for primarily personal, family or household purposes.

15. Beginning in or around early to mid-June 2015 and continuing through November 2015, Defendant placed repeated telephone calls to Plaintiff's cellular telephone in its attempts to collect an alleged debt belonging to an individual with the first name "Olga."

16. Defendant's collectors called Plaintiff from, including but not limited to the following phone numbers: (252) 754-1633. The undersigned has confirmed that this number belongs to Defendant.

17. Plaintiff has received calls from an automated dialing machine with prerecorded messages stating "This message is for Olga" and then transferring Plaintiff to a collector.

18. In response to Defendant's collection calls, on at least one occasion in mid-June 2015 Plaintiff instructed Defendant to stop calling him and indicated that Defendant had the wrong number.

19. In response to Plaintiff's request Defendant responded that it would stop calling.

20. Despite this indication, Defendant ignored Plaintiff's request and continued to call Plaintiff seeking to collect this alleged debt.

21. Plaintiff received multiple calls from Defendant on a weekly basis since Plaintiff told Defendant it had the wrong number and to stop calling him.

22. Once Defendant was aware that Plaintiff did not want calls placed to his cellular telephone Defendant's calls could only have been for the purpose of harassment.

23. Defendant's telephone calls to Plaintiff's cellular telephone were not made for "emergency purposes", but rather to contact an unknown third party.

24. Plaintiff received calls from Defendant while he was at work, which is an inconvenient time to receive collection calls. Plaintiff also was reprimanded at work as a result of receiving these calls.

25. Plaintiff also received calls after 9:00 p.m.

26. Defendant's actions as described herein were taken with the intent to harass, abuse, and coerce payment from Plaintiff.

## COUNT I
## **DEFENDANT VIOLATED § 1692b(3) OF THE FDCPA**

27. A debt collector violates § 1692b(3) of the FDCPA by communicating with any person other than a consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

28. Defendant violated § 1692b(3) of the FDCPA by communicating with Plaintiff more than once about another person's debt, despite having been notified that it was calling the wrong person.

## COUNT II
## **DEFENDANT VIOLATED § 1692c(a)(1) OF THE FDCPA**

29. A debt collector violates § 1692c(a)(1) of the FDCPA by communicating with the consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer, including communication between a debt collector and consumer prior to 8:00 a.m. or after 9:00 p.m.

Case 3:16-cv-30094-MGM   Document 1   Filed 06/08/16   Page 6 of 9

30. Defendant violated § 1692c(a)(1) of the FDCPA by placing numerous collection calls to Plaintiff at his cellular telephone about another individual's debt, and when it called after 9:00 p.m. and during working hours.

## COUNT III
## **DEFENDANT VIOLATED § 1692d OF THE FDCPA**

31. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

32. Defendant violated § 1692d when it placed repeated and continuous telephone calls to Plaintiff and when it continued calling Plaintiff's cellular phone after knowing its calls were unwanted and that it had the wrong number.

## COUNT IV
## **DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA**

33. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

34. Defendant violated § 1692d(5) when it caused Plaintiff's cellular telephone to ring repeatedly.

## COUNT V
## **DEFENDANT VIOLATED § 1692f OF THE FDCPA**

35. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

36. Defendant violated § 1692f when it continued to call Plaintiff without his consent, generally, when it used unfair and unconscionable means to collect the alleged debt.

## COUNT VI
## **DEFENDANT VIOLATED THE TCPA**

37. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

38. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

39. Defendant's calls to Plaintiff were not made for emergency purposes.

40. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent as Plaintiff revoked any previously given consent in mid-June 2015.

41. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

42. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

43. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, JONATHAN ACEVEDO respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

    e. Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendants willfully or knowingly violated the TCPA; and

    f. Any other relief deemed appropriate by this Honorable Court.

# DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JONATHAN ACEVEDO, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: June 8, 2016

By: */s/ Craig Thor Kimmel*
CRAIG THOR KIMMEL
BBO#662924
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com